HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA REAM,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:17-cv-01141-RAJ

**ORDER ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on the parties' motions for summary judgment. Dkt. ## 17, 20. For the reasons below, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

## II. BACKGROUND

On August 10, 2013, at approximately 8:45 am, a three-vehicle military convoy traveled on State Route 18 (SR 18) toward the Yakima Training Center. Dkt. # 19, ¶ 3. The section of SR 18 relevant to this dispute consists of two lanes in each direction, separated by a median. Dkt. # 18-4 at 6. The convey traveled in the right lane at approximately 55 miles per hour. Dkt. # 19, ¶ 6. A semi-tractor trailer driven by Plaintiff on SR 18 changed lanes and split the lead military vehicle from the two trailing vehicles. *Id.* As traffic crested a rise near the SE 231st Street exit, the truck commander in the lead military vehicle, Sergeant (Sgt.) Charles Rolando, noticed a pickup truck towing a horse trailer stopped in the right lane. *Id.*, ¶7. A woman stood in the roadway near the pickup

ORDER – 1

truck, waving her arms at the oncoming vehicles. *Id.*

Sgt. Rolando instructed Private Second Class (PV2) Licoray Randolph, who was driving the lead vehicle, to stop immediately. *Id.*, ¶ 9. Randolph applied the brakes and brought the lead vehicle to a sudden stop approximately ten feet from the woman and the trailer. *Id.*, ¶ 10. Plaintiff also saw the pickup truck and was able to come to an abrupt stop roughly one and a half car lengths behind the lead military vehicle. Dkt. # 21-1 at 4. The second vehicle in the convoy, which was directly behind Plaintiff, was driven by Specialist Sean Reeves. Dkt. # 19, ¶ 5. Traveling roughly 50 yards behind Plaintiff, Reeves noticed the brake lights come on Plaintiff's truck, but did not realize immediately how quickly she was decelerating. Dkt. # 21-3 at 7. Once he did, Reeves determined that he would be unable to stop his vehicle in time to avoid a collision. *Id.*; Dkt. # 18-4 at 7. He looked to his left mirror and attempted to change lanes, but could not do so because of the speed of traffic. *Id.* at 7-8. He then looked to his right, in order to pull onto the shoulder, but realized there was not enough room because of a guardrail. *Id.* Before he could fully stop, Reeves hit the back of Plaintiff's semi-tractor trailer. Dkt. # 21-3 at 7-8.

On July 28, 2017, Plaintiff filed this action against the United States ("the government") for damages relating to the accident under the Federal Tort Claims Act (FTCA). Dkt. # 1. In April 2018, the parties filed cross-motions for summary judgment, which are now before the Court.[1] Dkt. ## 17, 20.

//

---

[1] The government asks the Court the strike Plaintiff's motion as untimely and not in accordance with the local rules. *See* Dkt. # 22 at 11. The Court finds, however, that resolving the instant motion is the appropriate course of action. Resolution on the merits, including consideration of the untimely motion, is more likely to "secure the just, speedy, and inexpensive determination" of this case and therefore advance the goals of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1; *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that the purpose of pleading rulings is "to facilitate decision on the merits, rather than on the pleadings or technicalities"). Plaintiff should not construe this ruling as a future invitation to violate court rules.

ORDER – 2

## III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. v. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

ORDER – 3

## IV. DISCUSSION

Under the principle of sovereign immunity, the United States cannot be sued for damages without its consent. *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir. 1986) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment. *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008). Therefore, the government can be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff claims that the government is liable under the FTCA for the negligence of Specialist Sean Reeves in causing the accident. Dkt. # 20.

Under Washington law, where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. *Miller v. Cody*, 252 P.2d 303, 305 (Wash. 1953). In the absence of an emergency or unusual conditions, the following driver is negligent if he runs into the car ahead. *Id.* Furthermore, the following driver is not necessarily excused even in the event of an emergency: it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. *Id.*

The government argues that the "emergency doctrine" applies and negates any breach of the duty of care. Dkt. # 17 at 6. The essential element invoking the emergency doctrine is confrontation by a sudden peril requiring an instinctive reaction. *Seholm v. Hamilton*, 419 P.2d 328, 331 (1966). It applies when a person has been placed in a position of peril and must make an instinctive choice between courses of action after the peril has arisen. *See Brown v. Spokane County Fire Prot. Dist. No. 1*, 668 P.2d 571, 577 (1983) (citing *Sandberg v. Spoelstra*, 285 P.2d 564 (Wash. 1955)). " 'The doctrine excuses an unfortunate human choice of action that would be subject to criticism as negligent were it not that the party was suddenly faced with a situation which gave him no time to reflect

ORDER – 4

upon which choice was the best.' " *Brown*, 668 P.2d at 577 (quoting *Zook v. Baier*, 514 P.2d 923 (Wash. App. 1973)).

The Court finds no support in the record for Defendant's position. "Drivers faced with reasonably anticipated risks should be held to an ordinary negligence standard when determining fault." *Kappelman v. Lutz*, 217 P.3d 286, 291 n. 13 (Wash. 2009). Here, a pickup truck with a horse trailer stopped in the right lane just over the crest of a hill; a woman stood outside of it signaling to oncoming traffic. It is undisputed that two large vehicles—the lead military vehicle, a Heavy Expanded Mobility Tactical Truck (HEMTT), and Plaintiff's 88,000-lbs. tractor trailer—came to complete stops before reaching her. Dkt. 19, ¶ 10; Dkt. # 21-1 at 4. Specialist Reeves, who was roughly four car lengths behind Plaintiff, was similarly driving a large military vehicle, a Light Medium Tactical Vehicle (LMTV). Dkt. # 18-2. It is undisputed that Reeves did not see the stopped pickup truck, but saw Plaintiff's brake lights come on after traffic crested the hill. Dkt. # 21-3 at 8. Reeves admits, however, that he initially did not hit his brakes hard before realizing it was too late to avoid a collision. *Id.* at 7.

These facts do not demonstrate the kind of "sudden emergency" requiring further investigation into whether Reeves acted reasonably under the circumstances. *See, e.g.*, *Ryan v. Westgard*, 530 P.2d 687, 693 (Wash. App. 1975) (emergency doctrine instruction appropriate where preceding car swerved out of lane and suddenly exposed the following driver to a slow traveling vehicle); *Vanwagenen v. Roy*, 587 P.2d 585 (Wash. App. 1978) (finding emergency doctrine applied where vehicle, without signaling, made left turn after proceeding to the right edge of the street and coming to a near complete stop); *see also Kappelman v. Lutz*, 217 P.3d 286 (Wash. 2009) (no error in giving emergency doctrine instruction where deer entered roadway). From Reeves's vantage point, roughly four car lengths behind Plaintiff, this was nothing more than a tractor trailer braking and coming to an abrupt stop. Failing to adequately reduce speed in the face of brake lights does not constitute a "helpless peril". *See Schelct v. Sorenson*, 533 P.2d 1404, 1407 (Wash. App.

ORDER – 5

1975) (emergency doctrine inappropriate where defendant failed to reduce speed despite clear evidence of stopped traffic due to an accident). The Court finds the emergency doctrine inapplicable here.

The government also contends that Reeves was not negligent because there is no requirement to presume sudden stops or abrupt slowdowns while traveling at the lawful speed limit on the freeway. Dkt. # 17 at 10. The government concludes that because Reeves was traveling at, or below, the speed limit, and at a safe distance behind Plaintiff, he did not commit any affirmative acts of negligence. *Id.* at 11. This is a misreading of the applicable case law, which says that "[w]hen a driver is traveling at the lawful speed limit in the *center lane* of a freeway, there is not an *absolute* requirement to presume that sudden stops or abrupt slowdowns will occur in front of him." *Ryan*, 530 P.2d at 287 (emphasis added). The *Ryan* court further clarified that the conditions existing on modern highways, as opposed to other roadways, must be taken into account when considering negligence in rear-end collisions. *Id.* Here, Reeves was not traveling in the center lane of a freeway so as to warrant the above presumption, nor was this was not a situation where a driver could not have foreseen a sudden stop. *See id.* (evidence of swerving driver could support finding the colliding driver was not negligent); *Grapp v. Peterson*, 168 P.2d 687, 693 (Wash. App. 1975) (reasonable minds could differ on negligence where another car suddenly cuts off following driver and abruptly stops). Rather, the evidence shows that Reeves was in the right lane, at or around an approaching exit, and had a least 50 meters from when he first saw Plaintiff's brake lights to when the collision occurred. Under these facts, the Court cannot conclude that Reeves had no reason to anticipate a necessary decrease in speed. *See Miller*, 252 P.2d at 305; *Ritter v. Johnson*, 300 P. 518 (Wash. 1931) (following driver liable for negligence after rear-ending vehicle that had stopped suddenly on highway after displaying break lights); *cf. Bonica v. Gracis*, 524 P.2d 232 (Wash. 1974) (noting freeway entrance ramp as classic example of where abrupt stops should be anticipated). Ultimately, Reeves did not believe that Plaintiff's tractor trailer could brake

ORDER – 6

as quickly as it could. Dkt. # 21-3 at 11 (explaining that he would "get on the brakes a little harder initially" now that he knows "a semi can stop as fast as it can"). That, however, is insufficient to deviate from the general rule that a person who collides with another in the rear is liable for negligence as a matter of law. *Miller*, 252 P.2d at 305. Following Defendant's logic, any abrupt stop on a roadway would fall under the emergency doctrine. This approach would unduly activate application of the emergency doctrine in ways far beyond would should be construed as a genuine emergency. The Court finds no reason to adopt Defendant's reasoning and therefore **GRANTS** Plaintiff's motion for summary judgment and **DENIES** Defendant's motion for summary judgment.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion (Dkt. # 20) and **DENIES** Defendant's motion (Dkt. # 17).

DATED this 21st day of May, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7