HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA REAM,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 2:17-cv-1141-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motions *in limine*. Dkt. # 25. For the reasons stated above, the Court **DENIES** Plaintiff's motions.

## II. BACKGROUND

This matter is set for trial on July 1, 2019. The details of Plaintiff's allegations are set forth in the Order on the parties' motions for summary judgment and will not be repeated here. *See* Dkt. # 24.

## III. DISCUSSION

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided by Federal Rules of Civil Procedure 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action."

ORDER – 1

Fed. R. Civ. P. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). Subject to these principles, the Court issues these rulings for the guidance of the parties.[1]

### A. Plaintiff's Motion *in Limine* No. 1

Plaintiff moves to exclude evidence that a party other than the United States was at fault for the collision. Dkt. # 25 at 3. Plaintiff's motion, however, focuses primarily on excluding evidence regarding the cause of Plaintiff's injuries. Specifically, Plaintiff argues that any evidence that her treating doctor performed an imprudent or improper surgery should be excluded. *Id.* at 3. Plaintiff notes, citing various treatises and Washington case law, that it has uniformly been held that the original tortfeasor is liable for aggravation of the original injury cause by negligent treatment. *Id*. at 3-4. Defendant United States (the government) argues that Plaintiff has the burden of proving that the United States' actions are the proximate cause of her claimed injuries and that it should not be precluded from presenting evidence on this disputed issue. Dkt. # 28 at 4-5.

The Court agrees. The summary judgment order established that the United States

---

[1] Defendant objects to almost all of Plaintiff's motions as untimely under Local Rule 16. The Court acknowledges Defendant's objection but will nonetheless issue preliminary rulings. However, the parties are hereby on notice that the Court will not tolerate further noncompliance with the local rules.

ORDER – 2

breached the requisite duty of care as a matter of law. *See* Dkt. # 24. However, a plaintiff must still prove that the defendant's negligence was the proximate cause of her claimed injuries. *See, e.g.*, *Torno v. Hayek*, 135 P.3d 536 (Wash. App. 2006) (permitting evidence on causation and damages during trial following admitted liability car accident). To the extent Plaintiff seeks to preclude such evidence, the motion is **DENIED**.

### B.     Plaintiff's Motion *in Limine* No. 2

Plaintiff moves to exclude Defendant's experts, Wilson C. "Toby" Hayes, Ph.D. and Erik D. Power, P.E., from offering medical inferences on Plaintiff's injuries. Dkt. # 25 at 5. Plaintiff cites several Washington state cases for the proposition that the relationship between an accident to resulting physical condition must be established by medical testimony. *Id.* Moreover, Plaintiff argues that opinions regarding what injuries an "average occupant" would sustain are irrelevant. *Id.* Defendant argues that Power performed a collision reconstruction using widely accepted methods based upon the fundamental laws of physics for which he is qualified to opine. Dkt. # 28 at 5-6. As for Hayes, Defendant claims that his extensive background satisfies the *Daubert* standard for testimony regarding medical causation and that, under federal law, the fact that he is not a medical doctor, at best, goes to the weight and not the admissibility of his testimony. *Id.* at 8-9.

An expert opinion is reliable under the *Daubert* test for determining admissibility of expert testimony if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline. Fed. R. Evid. 702. In this case, Power is an Engineering Associate at Hayes+Associates, a Registered Professional Mechanical Engineer, and Fully Accredited Traffic Accident Reconstructionist. Dkt. # 29-1. He has a B.S. in Mechanical Engineering and an M.S. in Mechanical Engineering (with a Biomedical Option), both from Virginia Tech. *Id.* Hayes has more than 50 years of teaching, research and consulting experience in fields ranging across mechanical engineering, experimental mechanics, accident reconstruction, occupant dynamics, injury

ORDER – 3

biomechanics, human functional anatomy, and clinical orthopaedics. Dkt. # 30, ¶ 4. Furthermore, as Vice Chairman for Research in the Department of Orthopaedic Surgery at Beth Israel Deaconess Medical Center, Hayes attended x-ray rounds, often on a daily basis, offering advice to residents and house staff on the mechanisms and treatment of musculoskeletal injuries. Dkt. # 26-5. The injury assessment performed by Power and Hayes consists of a three-step approach that appears in governmental reports involving accident investigations, accident reconstruction, and biomechanics literature. Dkt. # 30 at- The Court finds their general-causation testimony regarding the forces generated in a given collision, and the types of injuries one would expect those forces to cause, to be relevant and admissible.

Hayes also seeks to render to offer specific-causation testimony of Plaintiff's injuries. The Ninth Circuit is short on authority discussing whether only medical doctors can make conclusions regarding specific injury causation. Other district courts around the country are split on the issue. *Compare, e.g.*, *Pennsylvania Trust Co. v. Dorel Juvenile Group, Inc*., 851 F. Supp. 2d 831, 838 (E. D. Pa. 2011) (allowing biomechanical engineer to offer expert testimony, in part, because "[a] medical degree is not a prerequisite to qualification as an expert capable of testifying as to the cause of a person's injuries"), *Phillips v. Raymond Corp*., 364 F. Supp. 2d 730, 742–43 (N. D. Ill. 2005) (concluding that biomechanical engineer's qualifications entitled her to testify as to biomechanical causes of the plaintiff's injuries), *and Yu–Santos v. Ford Motor Co*., Civ. A. No. 06–1773, 2009 WL 1392085, at *13 (E. D. Cal. May 14, 2009) (allowing Hayes to testify as to injury causation, in part because "Defendants cite no legal authority for their proposition that only medical doctors are qualified to provide opinions on injury causation and biomechanics") *with Berner v. Carnival Corp*., 632 F. Supp. 2d 1208, 1213 (S. D. Fla. 2009) (biomechanical engineer could opine "about the energy involved and whether the energy is sufficient to have caused an injury of the type Berner alleges to have suffered" but could not offer "an opinion that Berner has suffered a brain injury or that his head striking the

ORDER – 4

floor caused an injury") *and Morgan v. Girgis*, Case No. 07 CIV. 1960 (WCC), 2008 WL 2115250, at *5 (S. D. N. Y. May 16, 2008) (collecting cases that have held that "a biomechanical engineer is qualified to offer testimony regarding the forces generated by certain accidents and the likely effects of such forces on the human body, but not to offer an opinion on whether or not the accident at issue could have caused the plaintiff's injuries"). Despite this split in authority, the Court is satisfied that Hayes has sufficient specific knowledge and experience (including his completion of medical school courses and professorships at Harvard Medical School and Oregon State University) regarding the mechanisms and treatment of musculoskeletal injuries to render an opinion on specific causation. Therefore, Plaintiff's motion is **DENIED**. Plaintiff is free to challenge Hayes's opinion on cross-examination.

### C. Plaintiff's Motion *in Limine* No. 3

Plaintiff moves to exclude the testimony of Dr. Daniel Lazar, a practicing neurosurgeon at Northwest Hospital in Seattle, Washington. Plaintiff's chief complaint is that Dr. Lazar should not be able to render a medical opinion regarding the cause of injury without having evaluated Plaintiff. Dkt. # 25 at 9. Plaintiff also argues that there is no discernable methodology for Lazar's opinion. *Id.*

The Court disagrees and finds that Dr. Lazar's opinions are both relevant and reliable given the application of his medical training, education, and experience to the facts of this case. His report indicates that he has received and reviewed Plaintiff's emergency room records, the records from Plaintiff's treating physicians and numerous imaging studies and reports, including from her pain physicians. This process is not outside the norm for clinical diagnoses. *See* Federal Judicial Center, Reference Guide on Medical Testimony Reference Manual on Scientific Evidence 670-71 (3d ed. 2011). That Dr. Lazar's opinions are inconsistent with those of Plaintiff's physicians is an inadequate basis for this Court to conclude that his methodology is unreliable for purposes of admissibility. *See* Fed. R. Evid. 702, 703. The Court is satisfied that Plaintiff's contentions go to the

ORDER – 5

weight, not the admissibility of Dr. Lazer's conclusions. Therefore, the motion is **DENIED**.

### D. Plaintiff's Motion *in Limine* No. 4

Plaintiff similarly moves to exclude the testimony of Dr. Virtaj Singh. Dr. Singh is a physiatrist and medical doctor at Seattle Spine and Sports Medicine in Seattle, Washington. Dkt. # 32. He is also Board Certified in Pain Medicine, which requires demonstrated expertise in all areas of Pain Medicine, including psychiatry and psychology. *Id.* Dr. Singh opines that there is no anatomical reason for Plaintiff's physical pain and attributes her discomfort to psychological disorders. *Id.*, ¶12.

Plaintiff contends that Singh is not qualified to render psychological diagnoses and that his report fails to cite to literature, testability, error rate, or evidence for his conclusions. Dkt. # 25 at 11. Singh's report notes that his opinion is based on comprehensive review of Plaintiff's medical records, including MRI imaging studies, physical therapy records, psychological evaluations, operative notes, and pain management notes. *Id.*, ¶10. Singh also completed an interview with Plaintiff to obtain her family history, social history, and subjective report of her medical history and condition and then physically examined her on May 18, 2018. *Id.* As the Court noted with respect to Dr. Lazer, this process is not outside the norm for clinical diagnoses. Plaintiff's criticisms, including the fact that Singh previously opined that Plaintiff needed revision surgery to alleviate back pain, goes to the weight of his testimony rather than admissibility. Accordingly, Plaintiff's motion is **DENIED**.

### E. Plaintiff's Motion *in Limine* No. 5

Plaintiff moves to exclude Defendant's expert Bill Partin. Plaintiff claims that Partin will depart from economic calculations in his testimony and will instead delve into medical and vocational matters for which he is unqualified to render an expert opinion. Dkt. # 25 at 12. Plaintiff's argument is wholly speculative and is unsupported by citations to Partin's report or proffered testimony. The Court declines to make the *in limine* ruling in a vacuum and **DENIES** the motion without prejudice.

ORDER – 6

### F. Plaintiff's Motion *in Limine* No. 6

Plaintiff moves to exclude all records reflecting Plaintiff's collateral source income, including social security benefits and workers' compensation. Dkt. # 25 at 13. Plaintiff cites a Washington case in support, *Stone v. City of Seattle*, 391 P.2d 179 (Wash. 1964), which establishes that collateral source payments, which have a tendency to mitigate the consequences of the injury that a plaintiff may otherwise would have suffered, may not be taken into consideration when assessing the damages the defendant must pay. *Id.* at 172. This rule does not, as Plaintiff contends it does, require exclusion of social security and workers' compensation records "regardless of what it is being used to show." Dkt. # 25 at 11. To the extent Plaintiff relies on this case law as a basis for excluding such evidence, the motion is **DENIED**. The Court declines to make the *in limine* ruling in a vacuum.

### G. Plaintiff's Motion *in Limine* No. 7

Plaintiff seeks to bar of any evidence or opinions not disclosed in pre-trial reports or discovery. Dkt. # 25 at 12. However, the federal rules permit use of such information at trial if the party's failure to disclose the required information is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). As Plaintiff fails to specify particular evidence at issue, the Court declines to make the *in limine* ruling in a vacuum. Plaintiff's motion is **DENIED** without prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motions *in limine*. Dkt. # 25.

DATED this 24th day of June, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7