HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA REAM,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 2:17-cv-1141-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on the United States' motion to exclude. Dkt. # 35. For the reasons below, the Court **GRANTS** the motion. The parties have an affirmative obligation to inform its witnesses of the Court's rulings on all evidentiary matters.

## II. BACKGROUND

The United States (the government) moves to exclude the supplemental opinion of Dr. Paul Schwaegler, Plaintiff's orthopedic expert. Dkt. # 35. Schwaegler's new opinion states that Plaintiff's bariatric surgery, performed on March 11, 2019, was directly related to the 2013 motor vehicle accident at issue. Dkt. # 36-3. The report containing the supplemental opinion was first disclosed to the government on June 14, 2019. Dkt. # 36, ¶ 5. On June 18, 2019, the parties requested, and were granted, the reopening of discovery so that the government could further depose Plaintiff and Dr. Schwaegler. *See* Dkt. # 33; Dkt. # 36, ¶ 6. On June 20, 2019, the government moved to exclude Dr. Schwaegler's opinion pursuant to Rule 37(c) and the Court heard argument on the motion during the pre-

ORDER – 1

trial conference on June 21, 2019. Dkt. ## 35, 37.

## III. DISCUSSION

Fed. R. Civ. P. 37(c)(1) states that a party who fails to provide information as required by Rule 26(a) or (e) is not allowed to use that information at a trial, unless the failure was substantially justified or is harmless.

Plaintiff produced a supplemental report and new medical records after requesting an emergency treatment from Dr. Schwaegler on June 13, 2019. However, the government contends that the information contained in the supplemental opinion is not limited to Plaintiff's June 13th evaluation; rather the facts underlying the opinion were known to Plaintiff by the date of her bariatric surgery on March 11, 2019. Dkt. # 35 at 6. Thus, the opinion could have been disclosed at an earlier date. *Id*. Moreover, the government contends that Plaintiff's recent episodes of weakness had no bearing on Dr. Schwaegler's opinion that the March 11, 2019 surgery was causally related to the 2013 motor vehicle accident. *Id.* at 8. Plaintiff responds that the government has suffered no prejudice because it was aware of Dr. Schwaegler's opinion since October 2018 and that the government took depositions of Plaintiff and Dr. Schwaeger following the supplemental disclosure. Dkt. # 43.

The Court expressed during oral argument that it would be evaluating the harm suffered to the government in whether to exclude Dr. Schwaeger's supplemental report. Failure to disclose in a timely manner can be harmful if the non-disclosing party has insufficient time to cure the prejudice by deposing the late-named witness or preparing for cross-examination of the witness at trial. *Compare Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (finding that allowing the plaintiff's late-disclosed experts to testify would obviously prejudice the defendant, whose experts developed their opinions without knowing the scope of the plaintiff's experts' opinions), *with Sousie v. Allstate Indemnity Co.*, 2018 WL 1046828, at *3 (W.D. Wash. Feb. 26, 2018) (declining to exclude late-disclosed experts because "there is some time before trial to both

ORDER – 2

depose [the challenged expert] and obtain a rebuttal expert"). The government has indicated that neither of its medical experts is currently in position to develop or provide rebuttal testimony to Dr. Schwaegler's recent opinions given the short timeframe before trial. Dkt. # 38. Therefore, the Court finds that the failure to disclosure of supplemental report until the eve of trial was harmful to the government and will exclude it from trial.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the United States' motion to exclude. Dkt. # 35.

DATED this 26th day of June, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3