# Ream v. United States
# C17-1141 RAJ

## Court's Rulings on Ream's Objections to the United States' Deposition Designations (Dkt. ## 46, 48)

### Robert Wolinsky

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 26:23-28:3 | Hearsay within hearsay | ER 803 – certified medical record, kept in regular course of business, regular practice to record observations of patients in course of functional capacity evaluation. | **OVERRULED** |
| Exhibits 1 and 2 | Hearsay, which does not come under the medical records exception, which are not "reasonably pertinent" to medical diagnosis or treatment. This was a mandatory referral by an insurance company. It is also cumulative of the testimony | ER 803 – certified records of functional capacity evaluation (FCE) ordered by Plaintiff's treating physician, Dr. Jason Garber, after reaching maximum medical improvement, for purposes of determining work restrictions; Dr. Garber relied upon FCE in determining work restrictions, a material issue before the Court relating to Plaintiff's wage loss claims. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| | itself, which simply goes over the report. | | |

## Tyree Charlton

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 31:9-3-32:13 | Hearsay | ER 803 – certified medical record, kept in regular course of business, regular practice to record observations of patients such as inconsistencies in presentation | **OVERRULED** |
| 38:25-40:12 | Hearsay and speculation as to the statements, intent and thought processes of another person | ER 803 – certified medical record, kept in regular course of business, regular practice to record observations of patients such as inconsistencies in presentation | **OVERRULED** |
| 40:18-45:2 | Hearsay and speculation as to the statements, intent and thought processes of another person | ER 803 – certified medical record, kept in regular course of business, regular practice to record observations of patients such as inconsistencies in presentation. | **OVERRULED** |

# Court's Rulings on the Parties' Objections to Ream's Deposition Designations (Dkt. # 47, 49)

## Jessica Chiovaro

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 56:2-11 | Lack of foundation; ER 401, ER 602, ER 701 | The witness has ample foundation and qualifications to offer this opinion. See, e.g., 56:8-11; 56:20-57:1; 53:1-55:12; 7:18-12:19. | **OVERRULED** |

## Jamie N. Gamez

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 16:12-13 | Lack of foundation; relevance; speculation ER 403; ER 602; ER 702 | The reasonable value of plaintiff's medical services is relevant to her damages. See WPI 30.07.01. The testimony is in no way unfairly prejudicial, confusing, or wasteful. Ms. Gamez testified to both her foundation and credentials extensively during the depositions. See Tr. 8:6-11:14 (qualifications); 11:15-15:3 (foundation). | **OVERRULED** |
| 16:21-24 | Lack of foundation as to "reasonable" ER 403; ER 602; ER 702 | Plaintiff's medical damages are a relevant issue in the case, and in no way unfairly prejudicial, confusing, or wasteful. Ms. Gamez testified to both her foundation and credentials extensively during the depositions. See Tr. 8:6-11:14 (qualifications); Tr. 11:15-15:3 (foundation). Ms. Gamez further laid the specific foundation required to offer the summary. Tr. 15:21-16:8. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 17:3 | Lack of foundation for opinions ER 403; ER 602; ER 702 | The question was whether the opinions are on a more probable than not basis. The witness testified that they were. This is not a question, in itself, requiring foundation, nor does it implicate Rule 403.<br>As for the underlying opinions, Ms. Gamez testified to both her foundation and credentials extensively during the depositions. See Tr. 8:6-11:14 (qualifications); Tr. 11:15-15:3 (foundation).. | **OVERRULED** |
| 26:1-4 | Collateral source, Rule 401; 403; *see also Gerlach v. Cove Apartments, LLC*, 77179-5-I, 2019 WL 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference. | Cross-exam on expert's methodology and credibility; does not implicate collateral source rule, but questions expert's conclusion that total charge is best, or only, indication of value of service. | **OVERRULED** |
| 26:22-25 | Collateral source, Rule 401; 403; *see also Gerlach v. Cove Apartments, LLC*, 77179-5-I, | Plaintiff's objection is overbroad reading of collateral source rule, which does not preclude cross-examination of foundation, methodology or credibility of witness's opinion, but rather bars only evidence of payments made for Plaintiff's benefit. Pages 26-29 include foundational | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| | 2019 WL 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference. (Standing objection to collateral source made and agreed to) | questions for expert's opinion and do not include evidence of any payments made on Plaintiff's behalf. | |
| 27:12-15 | Collateral source, Rule 401; 403; *see also Gerlach v. Cove Apartments, LLC*, 77179-5-I, 2019 WL 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference. | Cross-exam on expert's methodology and credibility; does not implicate collateral source rule, but questions expert's conclusion that total charge is best, or only, indication of value of service. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 29:19-21 | Per standing objection: Collateral source, Rule 401; 403; *see also Gerlach v. Cove Apartments, LLC*, 77179-5-I, 2019 WL 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference. | Cross-examination on foundations of expert's methodology, credibility and opinion. Does not include any evidence of payments made on Plaintiff's behalf. | **OVERRULED** |
| 36:4-5 | What was paid or credited, and by whom, is not relevant and collateral source. *See* Rule 401; 403; see also *Gerlach v. Cove Apartments, LLC*, 77179-5-I, 2019 WL 2083307, at *6 | Cross-examination on credibility of expert's opinion, based upon lack of knowledge or inquiry of credits, loans and discounts applied to medical bills. Limited only to certain bills, which reflect questionable reductions. Collateral source not implicated as expert did not know reason for any credits, loans, or discounts applied.. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| | (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference. | | |
| 42:22-43:13 | Collateral source, Rule 401; 403; *see also Gerlach v. Cove Apartments, LLC*, 77179-5-I, 2019 WL 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference.. | Cross-examination on credibility of expert's opinion, based upon lack of knowledge or inquiry of discounts applied to bill. Collateral source not implicated as expert did not know reason for any credits, loans, or discounts applied. | **OVERRULED** |
| 42:22-43:13 | Collateral source, Rule 401; 403; see also *Gerlach v. Cove Apartments*, LLC, 77179-5-I, 2019 WL | Cross-examination on credibility of expert's opinion, based upon lack of knowledge or inquiry of discounts applied to bill. Collateral source not implicated as expert did not know reason for any credits, loans, or discounts applied. | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| | 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference.. | | |
| 59:15-60:25 | Collateral source, Rule 401; 403; see also *Gerlach v. Cove Apartments*, LLC, 77179-5-I, 2019 WL 2083307, at *6 (Wash. Ct. App. May 13, 2019). Plaintiff respectfully incorporates her bench brief (dkt. 27) by reference. | Cross-examination as to credibility of expert's opinion when including charges for Plaintiff's retained expert.. | **OVERRULED** |
| 67:12 | Lack of foundation as to "reasonable charge" ER 403; ER 602; ER 702. | Ms. Gamez testified to both her foundation and credentials extensively during the depositions. See Tr. 8:6-11:14 (qualifications); 11:15-15:3 (foundation). Her clarification of a math error is both relevant and consistent with Rule 403... | **OVERRULED** |

| PAGE / LINE | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| 68:11 | Lack of foundation as to any other expert reports ER 403; ER 602. | What the witness has, and has not, reviewed in forming opinions is relevant and appropriate testimony. | **OVERRULED** |
| 68:15 | Lack of foundation as to any other expert reports ER 403; ER 602. | What the witness has, and has not, reviewed in forming opinions is relevant and appropriate testimony. | **OVERRULED** |
| 69:13-70:1 | Collateral source, relevance, facts not in evidence, foundation, and Rule 403. | Exhibits referenced were offered into evidence by Plaintiff; questions go to credibility of expert opinion as to credits, duplicative services, discounts, and reversals when expert had no knowledge and made no inquiry of same on bills.. | **OVERRULED** |